UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>STEVEN SOTO, )<br>PEDRO SOTO, and )<br>CARMEN SOTO )  | CRIMINAL NO. 11-10310-MLW |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S JOINT *MOTION IN LIMINE*
RE: CLOSING DOCUMENTS/BANK DOCUMENTS (Docket Entry 82)
(LEAVE TO FILE GRANTED ON 3/26/13)**

The government opposes the Defendant's Joint *Motion in Limine* Re: Closing Documents/Bank Documents ("Defendant's Motion") because it is without basis in law. Among the documents the government seeks to introduce in evidence at the trial of this mortgage fraud case are files maintained in the ordinary course of business by lenders and closing attorneys. In addition, the government will seek to introduce other business records probative of particular aspects of the fraud scheme, such as bank records showing defendant Steven Soto's use of the means of identification of Gregory Bradley, which is alleged in several counts of the indictment, both as a part of the scheme to defraud and as an element of aggravated identity theft. As discussed below, such business records are self authenticating and, in accordance with Fed. R. Evid. 902(11), require no extrinsic evidence of authenticity to be admitted in evidence.

**Argument**

The government has produced or made available for inspection various business records and corresponding Certificates of Authenticity of Business Records for documents that it intends to introduce in its case-in-chief. The business records at issue consist primarily of (1) loan files; (2) real estate closing attorney files: and (3) banking records. Pursuant to Rule 902(11), such business records are "self authenticating" and "require no extrinsic evidence of authenticity in

order to be admitted." Fed. R. Evid. 902(11). Self authenticating documents include the "original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." *Id.*

Absent a challenge to the propriety of the certification, these documents are admissible without the testimony of a record keeper. Contrary to the defendants' suggestion, business records are "generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009) (explaining that such records do not implicate the Confrontation Clause under *Crawford v. Washington*, 541 U.S. 36 (2004)). Courts following *Melendez-Diaz* have uniformly applied its holding to the admission of business records in criminal trials without need for the "confrontation" occasioned by the actual testimony of a record keeper. *See, e.g., United States v. Yeley-Davis*, 632 F.3d 673, 679-681 (10th Cir. 2011) (holding that Rule 902(11) certificates of authenticity of cell phone records not testimonial); *United States v. Anekwu*, 695 F.3d 967, 976-77 (9th Cir. 2012) (certificates of authentication for various business records not testimonial with meaning of Confrontation clause); *United States v. Johnson*, 688 F.3d 494, 505 (8th Cir. 2012) (certification of authenticity not testimonial if purpose is to establish that copy of the records is a true copy of the original business records); *United States v. Mallory*, 709 F. Supp. 2d 451, 452-55 (E.D. Va. 2010) ("Put simply, the certification describes only the manner in which the document was produced and maintained. Thus, because it does not attempt to describe or decipher the content of the business record, it is plain, under *Melendez-Diaz*, that this declaration falls within the authentication

exception and therefore does not trigger the confrontation right."); *see also United States v. Kahre*, 610 F. Supp. 2d 1261, 1264 (D. Nev. 2009) (holding that "a pretrial hearing on the admissibility of business records pursuant to Rules 803(6) and 902(11) would not offend the Confrontation Clause").

## CONCLUSION

For the foregoing reasons, the Court should deny the defendant's motion in limine and admit business records covered by Fed. R. Evid. 803(6), so long as such records are accompanied by a certification that complies with Fed R. Evid. 902(11).

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ *John A. Capin*

JOHN A. CAPIN
Assistant U.S. Attorney
(617) 748-3100

## CERTIFICATE OF SERVICE

I, John A. Capin, Assistant U.S. Attorney, do hereby certify that I have, on this date caused a true and accurate copy of the foregoing to be served upon all counsel of record by filing the document with the Court electronically.

/s/ *John A. Capin*

JOHN A. CAPIN
Assistant U.S. Attorney